UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CHARLES RANDALL HARRISON,

    Petitioner,

V.

FRANCISCO QUINTANA, WARDEN,

    Respondent.

Civil Action No. 5: 14-132-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Charles Randall Harrison is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Harrison has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Harrison's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

1

On November 7, 1996, Harrison was convicted in the Northern District of Florida of conspiracy to possess with intent to sell methamphetamine in violation of 21 U.S.C. § 846 and possession with intent to sell methamphetamine in violation of 21 U.S.C. § 841(b). Harrison was sentenced to a 420-month term of incarceration on January 23, 1997. One of several motions by Harrison to vacate his sentence pursuant to 28 U.S.C. § 2255 was successful, resulting in his sentence being reduced to a 360-month term on September 27, 2001. Since that date, Harrison has filed dozens of motions in his criminal case seeking relief from his conviction and sentence, albeit without success. *United States v. Harrison*, No. 3: 96-CR-57-RV-MD-3 (N.D. Fla. 1996).

Harrison has also filed a number of petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, each challenging his conviction on various grounds, including the sufficiency of the indictment, prosecutorial misconduct, improper jury instructions, denial of his right to a jury trial, and the purported failure of the prosecutors to take the oath of office. Those petitions have been denied as procedurally improper, because the claims asserted were not claims of "actual innocence" to fall within the scope of 28 U.S.C. § 2255(e)'s savings clause. *Harrison v. Winn*, No. 4:05-40021-MLW (D. Mass. 2005), *aff'd*, No. 07-2210 (1st Cir. 2008); *Harrison v. Sabol*, No. 4:07-CV-40121-MLW (D. Mass. 2007).

In his present petition, Harrison alleges that both the DEA agent who investigated the drug trafficking activity which resulted in his conviction and the prosecuting United States Attorney committed perjury while testifying before the grand jury, during trial, and in post-conviction proceedings by stating that the drugs in question were methamphetamine rather than amphetamine. [R. 1, pp. 4-7] Harrison further alleges that documents generated during that investigation were not provided to the defense in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). [R. 1, pp. 7-11]

However, these are not the types of claims which Harrison may pursue in a habeas corpus petition filed pursuant to Section 2241. A § 2241 petition is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). To challenge the legality of a federal conviction or sentence, a prisoner must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Harrison's challenges to the sufficiency of the evidence and allegations of prosecutorial misconduct and *Brady* violations are quintessential claims of trial error which a defendant can and must pursue on direct appeal or in a motion under § 2255. *Graham v. Sanders*, 77 F. App'x 799, 801 (6th Cir. 2003) (challenge to sufficiency of evidence to support conspiracy conviction could be raised on appeal and under Section 2255, rendering relief under Section 2241 unavailable); *Posival v. Driver*, 207 F. App'x 365, 366 (5th Cir. 2006) (claims challenging sufficiency of sentencing enhancement and ineffective assistance of appellate counsel should be raised in a Section 2255 motion, and may not be pursued under the savings clause); *United States v. Neder*, 451 F. App'x 842, 844 (11th Cir. 2012) (*Brady*, *Giglio*, and prosecutorial misconduct claims do not fall within the scope of the savings clause). A prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). Nor may a petitioner invoke the savings clause to pursue habeas relief under § 2241 where he previously asserted his claim in a motion under Section

2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Accordingly, **IT IS ORDERED** that:

1. Harrison's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

Entered June 17, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY